UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN JHONG., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:13-cv-02179 (DMC)(JBC) |
| AMERICAN EXPRESS, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of American Express ("Defendant") to Dismiss the Complaint of John Jhong ("Plaintiff"), pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendant's Motion is **granted**.

**I.     BACKGROUND**[1]

Plaintiff alleges that this action involves an American Express Blue Card (the "Blue Card") that was activated in May or June 2011. Plaintiff states that he was the "manager on the account" but that his wife, Anne Jhong ("Mrs. Jhong"), was the main account holder. Plaintiff claims that in June or July 2011, he called Defendant to close the account for the Blue Card but was told that he could not do so because the account could only be closed by the account holder.

---

[1] The facts from this section are taken from the parties' pleadings.

1

Plaintiff states that in July or August 2011, he and Mrs. Jhong called Defendant to close the account and that the closure was confirmed by Defendant's customer service department.

Plaintiff also alleges that in June 2011, he obtained a separate card from Defendant (the "Plum Card"). Plaintiff states that later that month, the Plum Card was denied when he attempted to use it. Plaintiff claims that he spoke to a customer service representative who told Plaintiff that the Plum Card was denied because of a past due amount of $20.00 on the Blue Card for a rewards program/account linking fee. Plaintiff claims that he was shocked by this because he thought that the account for the Blue Card had been closed. Plaintiff claims that the customer service representative advised him that she would credit the account for the Blue Card for the fees assessed and that she would be able to close the account within a few days.

According to Plaintiff, on or about October 15, 2011, he noticed that the account for the Blue Card was not closed. Plaintiff claims that Mrs. Jhong then sent a letter to Defendant demanding that the account be closed. Plaintiff claims that Defendant did not close the account and that he later received a collection letter from Defendant. Plaintiff claims that he then spoke to a customer service representative who advised him that the account "had already been sent to an outside collection company" and that nothing could be done because Defendant "no longer had access to the file."

Plaintiff asserts that Defendant improperly reported negative crediting information about Mrs. Jhong to credit reporting agencies. Plaintiff claims that as a result of the $20.00 reward/account linking fee, approximately $100.00 in late fees, and the improper reporting of negative information about Mrs. Jhong, he has sustained over one billion dollars in damages. Plaintiff filed a fifteen count Complaint in the Superior Court of New Jersey on February 20, 2013 (ECF No. 1, Ex. 1). Defendant filed a Notice of Removal on April 5, 2013 (ECF No. 1).

Defendant then filed the instant Motion to Dismiss on April 12, 2013 (ECF No. 3). Plaintiff filed an Opposition on May 20, 2013 (ECF No. 8). Defendant filed a Reply on May 28, 2013 (ECF No. 7).

## II. STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

## III. DISCUSSION

Defendant asserts that Plaintiff's Complaint must be dismissed because, *inter alia*, Plaintiff lacks standing. Because standing is a "threshold jurisdictional issue," it is appropriate to

3

address it first, before turning to the merits of Plaintiff's claims. See In re RCN Litig., No. 04-5068, 2006 WL 753149, *3 n.3 (D.N.J. Mar. 21, 2006). The elements of Constitutional standing are "(1) the plaintiff must have suffered an injury in fact; (2) there must be a causal nexus between that injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable judicial decision." Joint Stock Soc'y v. UDV N. Am., Inc., 266 F.3d 164, 175 (3d Cir. 2001). An "injury in fact" is defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

Defendant argues that Plaintiff lacks standing because Mrs. Jhong, rather than Plaintiff, was the account holder of the Blue Card. Further, the Complaint alleges that Defendant reported negative information to credit reporting agencies about Mrs. Jhong, not about Plaintiff. Thus, Defendant argues that Plaintiff has not shown that he has suffered an injury to a legally protected interest. In response, Plaintiff claims that due to an assignment executed by Mrs. Jhong on January 19, 2013, he is the owner of all accounts with Defendant and therefore has standing. Plaintiff has attached a copy of this assignment as an exhibit to his Opposition. This purported assignment by Mrs. Jhong to Plaintiff is insufficient to confer standing on Plaintiff, as it was not referenced in Plaintiff's Complaint nor in any exhibit to Plaintiff's Complaint. See Vellazquez v. Am. Airlines, No. 2010/90, 2011 WL 3652334, at *2 (D.V.I. Aug. 18, 2011) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997)) ("On a motion to dismiss . . . the Court may not consider documents attached to Plaintiff's opposition, unless they are 'integral or explicitly relied upon in the complaint.'"); Daniels v. Morris Cnty. Corr. Facility, No. 06-2460, 2007 WL 174176, at *1 (D.N.J. Jan. 22, 2007) ("In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint,

matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents."); Stapperfenne v. Nova Healthcare Administrators, Inc., No. 05-4883, 2006 WL 1044456, at *3 (D.N.J. Apr. 17, 2006) (refusing to consider exhibits attached to the plaintiff's opposition when they were not directly incorporated in or attached to the complaint).

Further, even if Plaintiff did have standing, his claims would nonetheless fail. Count five of the Complaint, Plaintiff's sole federal claim, arises under the Federal Credit Reporting Act ("FCRA"). Although Plaintiff does not specify which section of the FCRA he seeks relief under, this count revolves around the alleged reporting of negative information to credit reporting agencies by Defendant. Therefore, Plaintiff has essentially classified Defendant as a "furnisher of credit information," and § 1681s-2 of the FCRA applies. See Forte v. World Fin. Network Bank, No. 12-704, 2012 WL 3239696, at *3 (D.N.J. Aug. 7, 2012). Plaintiff does not dispute that this provision is applicable in his Opposition. Thus, Plaintiff's state law claims must be dismissed, as this District has held that § 1681(t)(b)(1)(F) of the FCRA preempts all state law claims against furnishers of credit information. See Edwards v. Equable Ascent, FNCL, LLC, No. 11-CV-2638, 2012 WL 1340123, at *7 (D.N.J. Apr. 16, 2012). Further, Plaintiff's FCRA claim must be dismissed because a private cause of action under § 1681s-2 only exists if "(1) [the plaintiff] sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." Tutanji v. Bank of Am., No. 12-887, 2012 WL 1964507, at *5 (D.N.J. May 31, 2012) (citation omitted). Plaintiff has failed to plead any of these three elements. Accordingly, Plaintiff's FCRA claim must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **granted**. An appropriate

5

order follows this Opinion.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: October 23, 2013
Original: Clerk's Office
cc: Hon. James B. Clark U.S.M.J.
All Counsel of Record
File

6